SUMMARY ORDER

Petitioner, Tong Mu Chen, a native and citizen of the People’s Republic of China, seeks review of a September 24, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Tong Mu Chen, No. A 98 977 386 (B.I.A. Sept. 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “ ‘disfavored.’ ” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (quoting INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in finding that Chen failed to demonstrate his prima facie eligibility for relief in light of the IJ’s prior adverse *757 credibility determination. See Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005). This Court has found that the BIA may reasonably decline to accord probative weight to documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant’s asylum hearing and that determination remains unchallenged. Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007). As the BIA properly accorded diminished weight to Chen’s documentary evidence because of the agency’s prior adverse credibility determination, we find no error in its denial of his motion to reopen. See id.; Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007) (“[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.”); Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam) (finding that evidence submitted was not material because it did not overcome the IJ’s prior adverse credibility determination).[2]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Contrary to Chen's argument, the BIA had no separate obligation to consider his Convention Against Torture ("CAT") claim in adjudicating his motion to reopen.